UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BRUCE PRECIADO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>K. SEIBEL, Warden,<br><br>　　　　　Respondent. | Case No. LA CV 15-1471 JVS (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY AND EVIDENTIARY HEARING** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

　　　　Petitioner's Objections generally reiterate the arguments made in his Petition, and lack merit for the reasons set forth in the Report and Recommendation.  There is one issue, however, that warrants brief amplification here.

　　　　Namely, in his Objections, Petitioner contends that he has presented sufficient new reliable evidence of actual innocence to justify consideration of his Petition despite its untimeliness.  (*See* Objections at 2, 17-19); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013); *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

　　　　Petitioner is mistaken.

1    First, the vast majority of Petitioner's "new evidence" relates to information that was available to Petitioner or his attorney at trial. For instance, Petitioner presents an affidavit from his wife that provides his alibi for an evening before the rape when, according to the victim, Petitioner had harassed her. (*See* Objections at 11-12, 45.) However, at his trial thirteen years ago, both Petitioner and his attorney were aware of this supposed alibi. (*See id.* at 45.)

Second, much of Petitioner's argument stems from perceived inconsistencies in the victim's testimony. Preliminarily, most of these inconsistencies relate to collateral matters, such as whether Petitioner threw a can at the victim's door or her window. (*See id.* at 3-4.) Moreover, many of these inconsistencies would have been readily apparent to the jury, or were the subject of the victim's actual examination at trial. (*See id.* at 7-8.)

Third, Petitioner places great stock in the fact that the victim underwent an abortion two weeks before the rape, and his argument that the abortion, rather than the rape, caused her alleged pain and bleeding. (*See id.* at 13-14, 27-31.) However, this evidence fails to counter the victim's testimony – or the jury's finding – that Petitioner committed rape.

Fourth, as discussed in the Report and Recommendation, much of Petitioner's "new evidence" contains inherent reliability issues.

Thus, Petitioner fails to present sufficient new reliable evidence demonstrating his actual innocence. *See Schlup*, 513 U.S. at 324. As such, his Petition may not pass through the "actual innocence" gateway, and remains time-barred. *See id.*; 28 U.S.C. § 2244(d).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Report and Recommendation, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Thus, the Court declines to issue a certificate of appealability.

Nor is Petitioner entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (AEDPA "requires an examination of the state court-decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.").

DATED: May 14, 2015

_____
HON. JAMES V. SELNA
UNITED STATES DISTRICT JUDGE